UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARREN ROTHSCHILD, et al.,

    Plaintiffs,

v.                                             CASE NO.: 8:13-cv-1679-T-23MAP

USAA CASUALTY
INSURANCE CO.,

    Defendant.

_____/

**ORDER**

On February 7, 2012, the plaintiffs sued (Doc. 2) the defendant in state court. Citing jurisdiction conferred by 28 U.S.C. § 1332, the defendant removed (Doc. 1) on June 27, 2013. However, Section 1446(c)(1) states, "A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

A February 5, 2014, order (Doc. 18) directs the defendant to show that the plaintiffs acted in bad faith to prevent removal. The defendant responds (Doc. 21) to the order and argues that the plaintiffs withheld in bad faith the "documentation or expert reports" that establish that the amount in controversy exceeds $75,000. (Doc. 21 at 3) The defendant cites neither precedent supporting the defendant's argument nor a duty that the plaintiffs breached by failing to "provide known

information and documentation." (Doc. 21 at 4) In general, the plaintiffs bear no burden to unilaterally, spontaneously, or affirmatively disclose jurisdictional information. The statute allows a year for the defendant to discover with due diligence the necessary jurisdictional information.

In addition to showing that the plaintiffs acted in bad faith in discovery, the defendant must show that the plaintiffs acted in bad faith in discovery specifically "in order to prevent [the] defendant from removing th[is] action," proof of which Section 1446 requires. The record wholly fails to evidence bad faith by the plaintiffs aimed to frustrate and defeat the defendant's right of removal.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for failure of the removing party to invoke federal jurisdiction. The clerk is directed (1) to mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the clerk of the Circuit Court for Pinellas County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on March 28, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE